UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS CURTIS, | Case No. 3:20-cv-00700-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| PROGRESSIVE INS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Thomas Curtis brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 5), recommending the Court grant Plaintiff's application to proceed *in forma pauperis* ("IFP Application"), but dismiss his Complaint in its entirety, with prejudice. Plaintiff had until February 11, 2021 to file an objection. To date, no objection to the R&R has been filed.[1] For this reason, and as explained below, the Court adopts the R&R, and will dismiss this case.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the

---

[1]There is a notation on the docket indicating that the R&R was returned to the Clerk of Court because Plaintiff no longer resides at the address he provided. (ECF No. 6.) However, LR IA 3-1 requires a *pro se* litigant like Plaintiff to immediately file with the Court a written change of address notification whenever his address changes, and warns him that the Court may dismiss his case if he does not. *See id.* Thus, the Court will proceed with reviewing and adopting the R&R now.

findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin first recommends granting Plaintiff's IFP Application because her review of it indicates he cannot pay the filing fee. (ECF No. 5 at 2.) Judge Baldwin then recommends dismissing Plaintiff's Complaint because it does not satisfy the Fed. R. Civ. P. 8(a)(2) pleading standard. (*Id.* at 3-4.) Judge Baldwin alternatively recommends dismissing Plaintiff's Complaint because he attempts to bring claims under 42 U.S.C. § 1983 against private parties, and thus fails to state a claim upon which relief can be granted. (*Id.* at 4-5.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to file Plaintiff's Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed, in its entirety, with prejudice.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE